**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CHARLES A. ROWE, II
and WENDY L. ROWE

Plaintiffs,

CASE NO.:

vs.

UNITED STATES OF AMERICA;
THOMAS J. VILSACK, Secretary of the
United States Department of Agriculture;
RANDY MOORE, Chief of the
Forest Service of the United States
Department of Agriculture;

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiffs, Charles A. Rowe, II and Wendy L. Rowe (the "Plaintiffs" or "Rowe"), sue the Defendants, the UNITED STATES OF AMERICA, THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and RANDY MOORE, in his official capacity as Chief of the Forest Service of the United States Department of Agriculture, (collectively the "Forest Service") and allege:

## GENERAL ALLEGATIONS
## Jurisdiction; Rowe Property

1. This is an action pursuant to The Quiet Title Act, 28 U.S.C §2409a, under which this Court has original jurisdiction; for a declaratory judgment and temporary and permanent injunction; and for such other relief as the Court deems to be just and proper.

2. The Plaintiffs are husband and wife and are the owners of certain real property located in Section 18, Township 16 South, Range 27 East, Lake County, Florida.

3. The real property owned by Rowe is described more particularly as follows:

> Beginning at the NW corner of the E 502.21 feet of the W ½ of the SE ¼ of the NW ¼ of Section 18, Township 16 South, Range 27 East, thence S 89°49'24" E along the North boundary of said W ½ of the SE ¼ of the NW ¼, a distance of 68.75 feet to the Point of Beginning. From the P.O.B., continue S 89°49'24" E 433.46 feet to the NE corner of the W ½ of the SE ¼ of the NW ¼ of Section 18, Township 16 South, Range 27 East, run S 00°00'26" E 1328.51 feet to the SE corner of the W ½ of the SE ¼ of the NW ¼; run N 89°51'34" W, 317 feet; run N 00°00'26" W, 1027.62 feet; run N 45°00'26" W, 164.70 feet; run N 00°00'26" W, 185 feet to the Point of Beginning.
>
> Together with: Beginning at the NW corner of the E 502.21 feet of the West ½ of the SE ¼ of the NW ¼ of Section 18, Township 16 South, Range 27 East, thence S 89°49'24" E along the North boundary of said West ½ of the SE ¼ of the NW ¼, a distance of 68.75 feet; thence S 00°00'26" E parallel to the East boundary thereof, 185 feet; thence S 45°00"26" E 164.70; thence S 00°00'26" E 1027.62 feet to the South boundary of said W ½ of SE ¼ of NW ¼; thence N 89°51'34" W along said boundary 185.21 feet to the SW corner of the East 502.21 feet of said West ½ of the SE ¼ of the NW ¼; thence N 00°00'26" W along the West boundary thereof, 1328.83 feet to the

Point of Beginning.  All being in Lake County, Florida.

Also known as:  The East 502.21 feet of the West ½ of the SE ¼ of the NW ¼ of Section 18, Township 16 South, Range 27 East, Lake County, Florida.

Together with that certain 1990 OAKB Doublewide mobile home, bearing Identification No.'s 10L21640U and10L21640X, and Title No.'s 48879651 and 48765097, which have been permanently affixed thereto.

Parcel Identification Number: 18-16-27-0002-000-00501

(The above-described real property is hereinafter referred to as the "Rowe Property.")

4.    Rowe acquired title to the Rowe Property through the following instruments:

  a. Through a warranty deed recorded September 29, 1977, in O.R. Book 636, Page 1824, Public Records of Lake County, Florida,[1] William H. Naff and Robbye H. Naff, husband and wife, conveyed the Rowe Property to Herman E. Minton and Diane R. Minton, husband and wife.

  b. Through a warranty deed recorded February 5, 1988, in O.R. Book 951, Page 2264, Herman E. Minton, an unremarried widower, conveyed the Rowe Property to William E. Haker and Mary L. Haker.

---

[1] All further references to recorded instruments throughout this complaint shall refer to instruments recorded in the Public Records of Lake County, Florida.

    c. Through a warranty deed recorded May 23, 2016, in O.R. Book 4783, Page 982, Mary L. Haker, an unremarried widow, conveyed the Rowe Property to Charles A. Rowe, II and Wendy L. Rowe, husband and wife. (A copy of the deed described in this subparagraph is attached to this complaint as Exhibit "A.")

**United States Land Patents**

5. The Rowe Property and adjoining land originated from a Land Patent from the United States to James T. Laveigne, executed on May 25, 1885. The Patent was for approximately 160 acres. The land identified in the Patent was located in Section 18, Township 16 South, Range 27 East, Lake County, Florida. (A copy of the Patent is attached to this complaint as Exhibit "B.")

6. During this time, from approximately 1885 to 1890, the United States granted a series of other Patents, transferring large portions of land to various third parties. (A list of these Patents is attached to this complaint as Exhibit "C.")

7. These Patents were all within Sections 17 and 18, Township 16 South, Range 27 East, Lake County, Florida. [2]

**Forest Service Property; Forest Service Road**

8. The Forest Service owns real property located in Sections 17 and 18.

9. The real property owned by the Forest Service as described in this

---

[2] All further references to Sections 17 and 18 shall refer to Township 16 South, Range 27 East, Lake County, Florida.

complaint essentially surrounds the Rowe Property. The Forest Service owns the real property lying immediately north, east, and south of the Rowe Property, as well as the real property lying west of the privately-owned property lying immediately west of the Rowe Property.

10. The real property owned by the Forest Service as described in this complaint is part of the Ocala National Forest.

11. The real property owned by the Forest Service that lies east of the Rowe Property is located between the east boundary of the Rowe Property and the west right-of-way boundary of State Road 19.

12. A road or drive now used as a forest service road and identified as NFS 24 and NFS 24.095, also known as NFS 595C (the "Forest Service Road") extends from the west right-of-way boundary of State Road 19 (being the eastern terminus of the Forest Service Road) to the east boundary of the Rowe Property.

13. Rowe has arranged for the Forest Service Road described in this complaint to be surveyed by a professional surveyor and mapper. (A copy of the map of survey prepared by the surveyor is attached to this complaint as Exhibit "D.")

14. The Forest Service Road is located within the real property now owned by the Forest Service.

15. The Forest Service Road is an asphalt-paved road from State Road 19

to Station 57+82.50 as shown on the map of survey attached as Exhibit "D" to this complaint. The remaining short distance of the Forest Service Road from Station 57+82.50 to the east boundary of the Rowe Property is a dirt road that can be traveled by motor vehicles.

16. The Forest Service acquired title to the property over which the Forest Service Road crosses by virtue of:

a. A deed recorded March 10, 1978, in O.R. Book 646, Page 1122, Camp Ocala, a Michigan Limited Co-Partnership, conveyed the property to the United States of America. (A copy of the deed is attached to this complaint as Exhibit "E.")

b. A warranty deed recorded May 17, 2005, in O.R. Book 2834, Page 1935, John Henry McElveen, Jr. conveyed the Property to the United States of America. (A copy of the deed is attached to this complaint as Exhibit "F.")

c. A condemnation proceeding entitled United States of America vs. 2,131.24 Acres of land in Lake County Florida; Vaughn and Dillard, et al., No. 18 Orlando Civil, in the United States District Court for the Southern District of Florida and the Judgment therein dated April 22, 1939. (See legal description in deed from the United States of America to John Henry McElveen, Jr., attached to this complaint

as Exhibit "G.")

17. The address for the Rowe Property is 18248 NFS 595C, Altoona, Florida 32702 and the Rowe Property is identified by Alternate Key Number 1308216. Accordingly, the official address of the Rowe Property is along the Forest Service Road.

18. The United States Postal Service mailbox for Rowe is located along the Forest Service Road.

19. The real property lying immediately west of the Rowe Property is a privately-owned parcel owned by the Andrew Raymond Dukes Estate (the "Dukes Property").

20. The Plaintiffs do not have any easement rights over the Dukes Property.

21. Lying west of the Dukes Property is a forest service road identified as NFS 22-14.6.

22. NFS 22-14.6 extends west from the Dukes Property into Marion County, travels through a portion of Marion County, and eventually re-enters Lake County where it connects with a forest service road identified as NFS 22.

23. NFS 22-14.6 is a dirt road that is impassable by motor vehicles in certain areas, especially during and after rain events.

24. From its point of connection with NFS 22-14.6, NFS 22 is a dirt road

that travels south and southeasterly through Section 18, Township 16 South, Range 27 East and Section 19, Township 16 South, Range 27 East, Lake County, Florida, until it eventually intersects with State Road 19.

**Interference with Plaintiff's Use of Forest Service Road**

25. The Forest Service has installed a chain link gate along the Forest Service Road at Station 47+44.60 as shown on the map of survey attached to this complaint as Exhibit "D."

26. The opening and closing of the gate is controlled electronically. A code can be entered in a keypad located on the east side of the gate for the purpose of activating the mechanism to open the gate.

27. A sensor plate is located on the west side of the gate so that vehicles driving over the sensor plate can activate the mechanism for opening the gate.

28. The Forest Service has disconnected the sensor plate on the west side of the gate, thereby forcing the Plaintiffs to exit their vehicles, walk around the side of the gate, and enter the code in the keypad on the east side of the gate whenever the Plaintiffs exit their property.

29. Similarly, the Forest Service could deny further access of the Forest Service Road to Rowe.

30. Rowe has no adequate remedy at law and will suffer irreparable harm if the relief requested in this complaint is not granted.

**COUNT I**
**EXPRESS EASEMENT**
**(Over Forest Service Road)**

31. Rowe realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this complaint.

32. While the Plaintiffs were negotiating with Mary L. Haker ("Haker") to purchase the Rowe Property, Haker received a letter from the Forest Service confirming that the Forest Service Road extending to the eastern boundary of the Rowe Property would be open to the public. (A copy of the letter described in this paragraph is attached to this complaint as Exhibit "H.")

33. By referring to "designated ingress/egress" in the letter, the Forest Service represented that the Forest Service Road would be an express easement or right-of-way, either a public easement or a private easement, for the benefit of the Rowe Property.

34. At the time of the preparation of the letter, the Forest Service knew or should have known that the letter was being given in connection with the possible sale of the Rowe Property by Haker and that the purchasers of the Rowe Property would rely upon the letter regarding confirmation of legal access to the Rowe Property over, across and upon the Forest Service Road.

35. The Plaintiffs reasonably relied upon the representations set forth in the letter and purchased the Rowe Property with the understanding that the Forest

Service Road would be a public road easement or a private road easement that would provide legal access to their property.

36.    Despite the representations contained in the letter, the Forest Service has failed and refused to grant or confirm an easement for ingress and egress over, across and upon the Forest Service Road for the benefit of the Rowe Property.

37.    Based on the representations made by the Forest Service in the letter, and the reasonable reliance on said representations by the Plaintiffs prior to their purchase of the Rowe Property, the Plaintiffs submit that an express easement for ingress and egress to and from the Rowe Property is located over, across and upon the property described in Exhibit "I" to this complaint, which contains the legal description for the Forest Service Road.

38.    Based on the representations made by the Forest Service in the letter and the reasonable reliance on said representations by the Plaintiffs prior to their purchase of the Rowe Property, the Plaintiffs submit that said easement is appurtenant to and for the benefit of the Rowe Property; that said easement runs with the land; that said easement is binding upon the Defendants and the heirs, personal representatives beneficiaries, devisees, trustees, successors and assigns of the Defendants; and that said easement inures to the benefit of Rowe and the heirs, personal representatives beneficiaries, devisees, trustees, successors and assigns of Rowe.

WHEREFORE, Rowe requests that this Court enter final judgment providing the following relief:

A.      Declaring that Rowe is entitled to an express easement for ingress and egress to and from the Rowe Property over, across and upon the property described in Exhibit "I" to this complaint.

B.      Declaring that the easement is appurtenant to and for the benefit of the Rowe Property; that said easement runs with the land; that said easement is binding upon the Defendants and the heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns of the Defendants; and that said easement inures to the benefit of Rowe and the heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns of Rowe.

C.      Entering a temporary and permanent injunction prohibiting the Defendants; all parties claiming by, through, under or against the Defendants; and the heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns of the Defendants from obstructing or otherwise interfering with the use of the express easement over, across and upon the property described in Exhibit "I" by Rowe and Rowe's heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns, including without limitation an injunction requiring the Forest Service to remove the gate across the Forest Service Road as described in this complaint, or, alternatively, to at all times provide the Plaintiffs

with the gate code and to maintain the automatic gate-opening mechanism in operating condition, including reconnecting and maintaining in operating condition the sensor on the west side of the gate that allows for the gate-opening mechanism to be activated automatically by driving over the sensor in the road.

D. Awarding Rowe costs of this action and such other relief as the Court deems to be just and proper.

**COUNT II**
**PRE-EXISTING STATUTORY WAY OF NECESSITY**
**(Over Forest Service Road)**

39. Rowe realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this complaint.

40. The Rowe Property is shut off and hemmed in by the surrounding lands. As a result, there is no practicable route of ingress and egress available from the Rowe Property to the nearest practicable public or private road in which the Plaintiffs have vested easement rights.

41. If the Court finds that Rowe is not entitled to an express easement as claimed in Count I, Rowe is entitled to a pre-existing statutory way of necessity by means of the nearest practical route from the Rowe Property to the public road now known as State Road 19 (hereinafter "State Road 19") for the purpose of ingress and egress to and from the Rowe Property and for the other purposes as set forth in Section 704.01(2), Florida Statutes.

42.    A unity of title from a common source, the United States of America, once existed between the Rowe Property and surrounding land.

43.    The unity of title was severed in 1885 when the United States granted a Patent of 160 acres to Rowe's predecessor in title, James T. Laveigne.

44.    At the time of the severance, an easement was necessary for Rowe's predecessor in title to use the property.

45.    Around this time, the United States granted many other Patents, transferring large swaths of land to third parties. All of these parcels were located within Sections 17 and 18, and therefore, were located at or near what is now the Forest Service Road.

46.    The Forest Service Road is located today in essentially the same location in which it has existed for many years and was used as a road prior to the Forest Service becoming owners of the land upon which the Forest Service Road is located.

47.    The Forest Service Road had never been established as a public or private road.

48.    The Rowe Property was shut off and hemmed in by the surrounding lands. As a result, there was no practicable route of ingress and egress available from the Rowe Property to any nearest practicable public or private road other than along the Forest Service Road.

49. The road now known as State Road 19 was the only public road in the vicinity.

50. The Forest Service Road provided actual access from the Rowe Property to State Road 19.

51. The Forest Service Road also provided actual access to State Road 19 from the other private properties that were created by the United States Patents.

52. At all times material hereto, the Rowe Property was used for dwelling, agriculture, timber raising/cutting, and for stock raising.

53. Rowe's predecessors had continuously used the Forest Service Road as the means of ingress and egress, and as the nearest practical route to State Road 19, since prior to the time that the United States reacquired much of the surrounding property (2,131.24 acres) by virtue of a 1939 condemnation proceeding.

54. Although the Forest Service Road provided actual access to the Rowe Property, the Forest Service Road had never been established as a public right-of-way or as a public or private express easement.

55. Rowe submits that the Forest Service Road was always the nearest practical route between the Rowe Property and State Road 19, and that prior to the time the United States had acquired the property by virtue of the 1939 condemnation proceeding, a statutory way of necessity in favor of the Rowe's predecessors had been established over, across and upon the Forest Service Road

as described more particularly in Exhibit "I" to this complaint. As such, the Defendant acquired this property subject to, and is bound by, a pre-existing statutory way of necessity.

56. Despite demand by the Plaintiffs, the Forest Service has failed and refused to grant an easement for ingress and egress to and from the Rowe Property over, across and upon the Forest Service Road.

57. Based on the fact that this easement existed prior to the time the United States acquired the property, Rowe submits that there should be no compensation paid to the Forest Service for this statutory way of necessity.

WHEREFORE, Rowe requests that this Court enter final judgment providing the following relief:

A. Declaring that Rowe is entitled to a statutory way of necessity for ingress and egress to and from the Rowe Property.

B. Establishing that the Forest Service Road described in Exhibit "I" to this complaint represents the nearest practical route of ingress and egress to and from the Rowe Property.

C. Establishing that the statutory way of necessity exists in favor of the Rowe Property over, across and upon the Forest Service Road described in Exhibit "I" to this complaint, for ingress and egress.

D. Declaring that the statutory way of necessity is appurtenant to and for

the benefit of the Rowe Property; that said statutory way of necessity runs with the land; that said statutory way of necessity is binding upon the Defendants and the heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns of the Defendants; and that said statutory way of necessity inures to the benefit of Rowe and the heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns of Rowe.

E.    Entering a temporary and permanent injunction prohibiting the Defendants; all parties claiming by, through, under or against the Defendants; and the heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns of the Defendants from obstructing or otherwise interfering with the use of the statutory way of necessity over the Forest Service Road described in Exhibit "I" by Rowe and Rowe's heirs, personal representatives, beneficiaries, devisees, trustees, successors and assigns, including without limitation an injunction requiring the Forest Service to remove the gate across the Forest Service Road as described in this complaint, or, alternatively, to at all times provide the Plaintiffs with the gate code and to maintain the automatic gate-opening mechanism in operating condition, including reconnecting and maintaining in operating condition the sensor on the west side of the gate that allows for the gate-opening mechanism to be activated automatically by driving over the sensor in the road.

F.    Awarding Rowe costs of this action and such other relief as the Court

deems to be just and proper.

Theodore D. Estes, Esq.
Florida Bar No. 600660
Divine & Estes, P.A.
P.O. Box 3629
Orlando, Florida 32802-3629
Phone: (407) 426-9500
Fax: (407) 426-8030
E-Mail: tdestes@divineestes.com
aweaver@divineestes.com
Attorneys for Plaintiffs

INSTRUMENT#: [illegible] OR BK [illegible] PG [illegible] PAGES: [illegible] [illegible] AM
NEIL KELLY, LAKE COUNTY CLERK OF THE CIRCUIT COURT
REC FEES: $18.50 DEED DOC:$1260.00

Prepared by and return to:
**Katrina T. Stone/mal**
**Stone & Gerken, P.A.**
**4850 N. Highway 19A**
**Mount Dora, FL 32757**
**352-357-0330**
File Number: **HAKMAR-16001**
Will Call No.:

RETURN

[Space Above This Line For Recording Data]

# Warranty Deed

**This Warranty Deed** made this **16th** day of **May, 2016** between **Mary L. Haker, an unremarried widow,** whose post office address is **18248 NFS 595 C, Altoona, FL 32702**, grantor, and **Charles A. Rowe, II and Wendy L. Rowe, husband and wife,** whose post office address is **25510 Colmar Avenue, Sorrento, FL 32776**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Lake County, Florida** to-wit:

**Beginning at the NW corner of the E 502.21 feet of the W 1/2 of the SE 1/4 of the NW 1/4 of Section 18, Township 16 South, Range 27 East, thence S 89°49'24" E along the North boundary of said W 1/2 of the SE 1/4 of the NW 1/4, a distance of 68.75 feet to the Point of Beginning. From the P.O.B., continue S 89°49'24" E 433.46 feet to the NE corner of the W 1/2 of the SE 1/4 of the NW 1/4 of Section 18, Township 16 South, Range 27 East, run S. 00°00'26" E 1328.51 feet to the SE corner of the W 1/2 of the SE 1/4 of the NW 1/4; run N 89°51'34" W, 317 feet; run N 00°00'26" W, 1027.62 feet; run N 45°00'26" W, 164.70 feet; run N 00°00'26" W, 185 feet to the Point of Beginning.**

**Together with: Beginning at the NW corner of the E 502.21 feet of the West 1/2 of the SE 1/4 of the NW 1/4 of Section 18, Township 16 South, Range 27 East, thence S 89°49'24" E along the North boundary of said West 1/2 of the SE 1/4 of the NW 1/4, a distance of 68.75 feet; thence S 00°00'26" E parallel to the East boundary thereof, 185 feet; thence S 45°00'26" E 164.70; thence S 00°00'26" E 1027.62 feet to the South boundary of said W 1/2 of SE 1/4 of NW 1/4; thence N 89°51'34" W along said boundary 185.21 feet to the SW corner of the East 502.21 feet of said West 1/2 of the SE 1/4 of the NW 1/4; thence N 00°00'26" W along the West boundary thereof, 1328.83 feet to the Point of Beginning. All being in Lake County Florida.**

**Also known as: The East 502.21 feet of the West 1/2 of the SE 1/4 of the NW 1/4 of Section 18, Township 16 South, Range 27 East, Lake County, Florida.**

**Together with that certain 1990 OAKB Doublewide mobile home, bearing Identification No.'s 10L21640U and 10L21640X, and Title No.'s 48879651 and 48765097, which have been permanently affixed thereto.**

**Parcel Identification Number: 18-16-27-0002-000-00501**

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**EXHIBIT "A"**

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to **December 31, 2015**.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: Diane Lee

Mary L. Haker

Witness Name: Mary A. Ludwig

State of Florida
County of Lake

The foregoing instrument was acknowledged before me this 16th day of May, 2016 by Mary L. Haker, who [ ] is personally known or [X] has produced a driver's license as identification.

[Notary Seal]

NOTARY PUBLIC STATE OF FLORIDA
MARY A. LUDWIG
MY COMMISSION # FF 101475
EXPIRES: April 16, 2018
Bonded Thru Budget Notary Services

Notary Public

Printed Name: Mary A. Ludwig

My Commission Expires: April 16 2018

DoubleTime®

for all payments.

NOW, if the said D. L. Brainard shall well and truly pay the said sum of money as above stated, including the amount mentioned for timber, and shall pay all taxes and insurance upon the within-described property, into the possession of which, from the date hereof, it is hereby agreed he shall enter and continue, then the said Chas. C. Giles and wife shall execute a deed in fee simple to the said D. L. Brainard for the aforesaid property, when this obligation is to be void, else to remain in full force and virtue.

and pay taxes for 1922

Signed, sealed and delivered in presence of:

G. B. Austin — Chas. C. Giles (Seal)

A. L. Smith. — Edna R. Giles (Seal)

STATE OF FLORIDA

LAKE COUNTY

On this day personally appeared before me Chas. C. Giles and Edna R. Giles his wife and acknowledged that they have executed the foregoing Bond for Title for the purposes therein expressed; and the said Edna R. Giles wife of Chas. C. Giles being examined by me separately and apart from her said husband, acknowledged that she made herself a party thereto for the purpose of relinquishing her dower or conveyancing her separate estate, conditioned upon the faithful performance of the covenants made therein, and the same was done of her own free will and accord and without any compulsion, constraint, apprehension, or fear of her husband.

IN WITNESS WHEREOF I hereunto set my hand and official seal this twenty-third day of September, A. D. 1922.

A. L. Smith

Notary Public State of Florida.

(Notarial Seal) My commission expires October 17, 1923.

Filed for record Jan. 22nd, 1923 and recorded Jan. 22nd, 1923 and I hereby certify that the foregoing is a true copy of the original.

T C Smyth

Clerk

¢¢¢¢¢¢¢¢¢¢¢¢¢

THE UNITED STATES OF AMERICA.

Certificate.
No. 9416

TO ALL TO WHOM THESE PRESENTS SHALL COME. GREETING;

Whereas, James T. Laveigne, Senior of Orange, County, Florida, had deposited in the GENERAL LAND OFFICE of the United States a Certificate of the Register of the Land Office at Gainesville, Florida, whereby it appears that full payment has been made by the said James T. Laveigne, Senior, according to the provisions of the Act of Congress of the 24th of April, 1820, entitled "An Act making further provision for the sale of the Public Lands," and the acts supplemental thereto, for the south west quarter of the north east quarter, the north west quarter of the south east quarter the north east quarter of the south west quarter and the south east quarter of the north west quarter of section eighteen, in township sixteen south, of range twenty seven east of Tallahassee Meridian, in Florida, containing one hundred and fifty nine acres and ninety eight hundredths of an acre. according to the official plat of the survey of the said lands returned to the General Land Office by the Surveyor General, which said tract had been purchased by the said

EXHIBIT "B"

James T. Laveigne Senior, NOW KNOW YE, That the United States of America, in consideration of the premises, and in conformity with the several acts of Congress in such case made and provided HAVE GIVEN AND GRANTED and by these presents DO GIVE AND GRANT, unto the said James T. Laveigne Senior and to his heirs, the said tract above described: TO HAVE AND TO HOLD the same, together with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said James T. Laveigne and to his heirs and assigns forever.

IN TESTIMONY WHEREOF, I Grover Cleveland President of the United States of America, have caused these letters to be made patent, and the seal of the General Land Office to be hereunto affixed.

GIVEN under my hand, at the City of Washington, the twenty fifth day of May, in the year of our Lord one thousand eight hundred and eighty five, and of the Independence of the United States the one hundred and ninth.

1070227

By the President: Grover Cleveland,

By M. McKean, Secretary.

S. W. Clark Recorder of the General Land Office.

DEPARTMENT OF THE INTERIOR,
GENERAL LAND OFFICE.
Washington, D. C. Jan. 18, 1923.

I hereby certify that this photograph is a true copy of the patent record which is in my custody in this office.

H. P. LeRoy
Recorder.

(General Land Office Seal)

Filed for record Jan. 23rd, 1923 and recorded Jan. 23rd, 1923 and I hereby certify that the foregoing is a true copy of the original. T C Smyth, Clerk

RECORD VERIFIED
¢¢¢¢¢¢¢¢¢¢

KNOW ALL MEN BY THESE PRESENTS.

That I, George W. Paine, of New Bedford in the Commonwealth of Massachusetts, in consideration of One Dollar and other valuable considerations to me paid by Richmond P. Paine, of Norfolk in the State of Connecticut, the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim and bargain, sell, assign and transfer unto the said Richmond P. Paine all my property of every name and nature, both real and personal and wherever situated, including therein any debts due me as sole proprietor of the business formerly conducted by me under the name of S. S. Paine & Brother at said New Bedford; also including all debts due me whether represented by notes or other formal obligations and all claims which I have against other persons. And for the purpose of making effectual the assignment of such debts and claims I hereby irrevocably appoint the said Richmond P. Paine Attorney to collect in my name all of said debts and claims with power to bring suit according to his own judgment and discretion and with full power to adjust, or compromise, or in any way settle as he may deem best, with full power to do all acts and to execute all instruments as fully and effectually as I could do if personally present and acting therein.

TO HAVE AND TO HOLD with all the privileges and appurtenances thereunto belonging to the said Richmond P. Paine, his heirs, executors, administrators and assigns, to his and their use and behoof forever, but strictly in trust as follows:

TOWNSHIP No. 16 South RANGE No. 27 East

STATE OF FLORIDA.

| Title Derived from United States by: District Patent | No. | Date | Description of the Tract: Part of Section | Sec. | T. | R. | Contents: Acres | Hdths. | Purchase Money: Dolls. | Cts. | Name of Purchaser | Date of Sale | No. of Receipt, Certificate and Deed | To Whom Deeded | Date of Deed | Recorded: Vol. | Page | U. S. Sale No. of Patent | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | N½ of NE¼ | 8 | | | | | | | | | 8139 | Isaac S. Mahan | May 9 1885 | | | | |
| | | | SE¼ of NE¼ | | | | | | | | | | 10079 | John A. Lacy | Nov 30 1888 | | | | |
| | | | SW¼ of NE¼ | | | | | | | | | | 7351 | Josef Henschen | Aug 28 1885 | | | | |
| | | | NE¼ of NW¼ | | | | | | | | | | 8139 | Isaac S. Mahan | May 9 1885 | | | | |
| | | | SE¼ of NW¼ | | | | | | | | | | 7351 | Josef Henschen | Aug 28 1885 | | | | |
| St. Augustine | 9 | Mch 14 1872 | NW¼ of NW¼ | | | | | | | | | | 18256 | U S America | Oct 20 1934 | | | | |
| " | | " | SW¼ of NW¼ | | | | | | | | | | 13055 | Sydney S. Hailos | Sept 10 1888 | 9 | 719 | | |
| | | | NE¼ of SE¼ | | | | | | | | | | 10079 | John A. Lacy | Nov 30 1888 | | | | |
| | | | SE¼ of SE¼ | | | | | | | | | | 9366 | Lange V. Crane | Nov 30 1888 | | | | |
| | | | NW¼ of SE¼ | | | | | | | | | | 5039 | Edward Kuhl & B. F. Kuhl and John O. Fries | June 30 1884 | | | | |
| | | | SW¼ of SE¼ | | | | | | | | | | 9366 | Lanzara V. Crane | Nov 30 1888 | | | | |
| | | | NE¼ of SW¼ | | | | | | | | | | 5039 | Edward Kuhl B. F. Kuhl and John O Fries | June 30 1884 | | | | |
| act Con. Mch 2 1855 T.S.13 | | Mch 1 1915 | SE¼ of SW¼ | | | | | | | | | | 16418 | Nellie Marin Brush | July 19 1915 | | | | S.S. Deed Book |
| | | | NW¼ of SW¼ | | | | | | | | | | 8139 | Isaac S. Mahan | May 9 1885 | | | | |
| | | | SW¼ of SW¼ | | | | | | | | | | 13203 | John C. Pace Jr | Nov 4 1889 | | | | |
| | | | N½ of NE¼ | 9 | | | | | | | | | 22874 | Philip H. Bare | April 9 1901 | | | | |
| | | | SE¼ of NE¼ | | | | | | | | US | | | | | | | | |
| | | | SW¼ of NE¼ | | | | | | | | | | 21708 | Levi M. C. Bare | Oct 26 1908 | | | | |
| | | | E½ of NW¼ | | | | | | | | | | 18289 | same | March 28 1906 | | | | |
| | | | NW¼ of NW¼ | | | | | | | | | | 5561 | R. M. Miller | June 30 1884 | | | | |
| Gainesville | 146 | Nov 18 1913 | SW¼ of NW¼ | | | | | | | | | | 15875 | Sarah H. League | July 29 1904 | O | 94 | | |
| | | | E½ of SE¼ | | | | | | | | US | | | | | | | | |
| | | | W½ of SE¼ | | | | | | | | | | 21708 | Levi M. C. Bare | Oct 26 1908 | | | | |
| | | | Lot 1 (or fract E½ of SW) | | | | | | | | | | 18289 | same | March 28 1906 | | | | |
| Gainesville | 74 | June 17 1892 | Lot 2 (or fract W½ of SW) | | | | | | | | | | 15877 | James F. Meredith | Aug 27 1904 | O | 96 | | |
| | | | all fractional | 10 | | | | | | | US | | | | | | | | |
| | | | Lot 1 | 15 | | | | | | | | | R&R 14 | Lawrence J. Owens | Oct 29 1908 | | | | |
| | | | Lot 2 | | | | | | | | | | " 14 | same | " " | | | | |
| | | | Lot 3 | | | | | | | | | | " 231 | same | Dec 16 " | | | | |
| | | | Lot 4 | | | | | | | | | | " 231 | " | Dec. 16 1908 | | | | |
| School act Congress | | Mch 3 1845 | Lot 1 | 16 | | | | | | | | | 3411 | J. B. Kashen of A. Maguire | May 1 1903 | H | 212 | | |
| " | " | " | Lot 2 | | | | | | | | | | 3411 | same | " " | " | " | | |
| | | | N½ of NE¼ | 17 | | | | | | | US | | | | | | | | |
| | | | S½ of NE¼ | | | | | | | | | | 14708 | John R. Easly | Jan 21 1893 | | | | |
| | | | NE¼ of NW¼ | | | | | | | | | | 8784 | Mathew E. Stirney | Dec 10 1885 | | | | |
| | | | NW¼ of NW¼ | | | | | | | | | | 13203 | John C. Pace Jr. | Nov 4 1889 | | | | |
| | | | S½ of NW¼ | | | | | | | | | | 8784 | Mathew E. Stirney | Dec 10 1885 | | | | |
| | | | SE¼ | | | | | | | | US | | | | | | | | |
| | | | E½ of SW¼ | | | | | | | | " | | | | | | | | |
| | | | W½ of SW¼ | | | | | | | | | | 14959 | Otis E. Heath | June 12 1885 | | | | |

EXHIBIT "C"

212 TOWNSHIP No. 16 South RANGE No. 27 East

# STATE OF FLORIDA.

| Title Derived from United States by: District Patent | No. | Date | Part of Section | Sec. | T. | R. | Contents: Acres | Hdths | Purchase Money: Dolls. | Cts. | NAME OF PURCHASER | DATE OF SALE | No. of Receipt, Certificate and Deed | TO WHOM DEEDED | DATE OF DEED | Recorded: Vol. | Page | U. S. Sale No. of Patent | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE¼ of NE¼ | 18 | | | | | | | | | 13203 | John C. Pace Jr. | Nov. 4 1889 | | | | |
| St. Augustine | 9 | Mch 14, 1872 | NW¼ of NE¼ | | | | | | | | | | 13055 | Sydney J. Hailes | Sept. 10 1888 | 9 | 719 | | |
| | | | SE¼ of NE¼ | | | | | | | | Isaac T. Mahon | Aug 27 1884 | 9178 | | | | | | |
| | | | SW¼ of NE¼ | | | | | | | | | | 13205 | James T. Lavergne | May 25 1885 | | | | |
| St. Augustine | 9 | Mch 14, 1872 | N½ of NW¼ | | | | | | | | | | 13055 | Sydney J. Hailes | Sept. 10 1888 | 9 | 719 | | |
| | | | SE¼ of NW¼ | | | | | | | | | | 13205 | James T. Lavergne | May 25 1885 | | | | |
| | | | SW¼ of NW¼ | | | | | | | | | | 8784 | Mathew E. Hamey | Dec. 10 1885 | | | | |
| | | | E½ of SE¼ | | | | | | | | Otis E. Heath | Nov 15 1884 | 14959 | Otis E. Heath | June 12 1885 | | | | |
| | | | NW¼ of SE¼ | | | | | | | | | | 13205 | James T. Lavergne | May 25 1885 | | | | |
| | | | SW¼ of SE¼ | | | | | | | | | | 15381 | James M. Davis | Aug. 5 1890 | | | | |
| | | | NE¼ of SW¼ | | | | | | | | | | 13205 | James T. Lavergne | May 25 1885 | | | | |
| | | | NW¼ of SW¼ | | | | | | | | | | 8784 | Mathew E. Hamey | Dec 10 1885 | | | | |
| | | | S½ of SW¼ | | | | | | | | | | 8784 | same | " " " | | | | |
| act Cong. Mch 2 1855 §213 | | Mch 1, 1915 | NE¼ of NE¼ | 19 | | | | | | | | | 16498 | Nellie Marion Bush | July 19 1915 | 73 deed book | | | |
| | | | NW¼ of NE¼ | | | | | | | | | | 15381 | James M. Davis | Aug. 5 1890 | | | | |
| | | | SE¼ of NE¼ | | | | | | | | | | 14496 | James T. Evans | Oct. 30 1888 | | | | |
| | | | SW¼ of NE¼ | | | | | | | | | | 898 | Charles T. Edington | " " " | | | | |
| | | | N½ of NW¼ | | | | | | | | | | 15381 | James M. Davis | Aug 5 1890 | | | | |
| | | | S½ of NW¼ | | | | | | | | | | 898 | Charles T. Edington | Oct 30 1888 | | | | |
| | | | E½ of SE¼ | | | | | | | | | | 14496 | James T. Evans | " " " | | | | |
| | | | NW¼ of SE¼ | | | | | | | | | | 898 | Charles T. Edington | " " " | | | | |
| | | | SW¼ of SE¼ | | | | | | | | | | 14496 | James T. Evans | " " " | | | | |
| | | | SW¼ | | | | | | | | U S | | | | | | | | |
| | | | Lot 1 | 20 | | | | | | | | | 9791 | David E. Sheldon | Dec 10 1885 | | | | |
| | | | Lot 2 | | | | | | | | U S | | | | | | | | |
| | | | Lot 3 | | | | | | | | " | | | | | | | | |
| | | | N½ of NW¼ | | | | | | | | | | 9791 | David E. Sheldon | Dec 10 1885 | | | | |
| | | | SE¼ of NW¼ | | | | | | | | U S | | | | | | | | |
| | | | SW¼ of NW¼ | | | | | | | | " | | | | | | | | |
| | | | NE¼ of SW¼ | | | | | | | | " | | | | | | | | |
| | | | NW¼ of SW¼ | | | | | | | | " | | | | | | | | |
| | | | SE¼ of SW¼ | | | | | | | | " | | | | | | | | |
| | | | SW¼ of SW¼ | | | | | | | | " | | | | | | | | |
| | | | all fractional | 29 | | | | | | | U S | | | | | | | | |
| | | | NE¼ | 30 | | | | | | | U S | | | | | | | | |
| | | | NW¼ | | | | | | | | | | 14964 | Svante J. Brown | Feb 23 1891 | | | | |
| | | | SE¼ | | | | | | | | U S | | | | | | | | |
| | | | SW¼ | | | | | | | | " | | | | | | | | |

# MAP OF SURVEY

EXISTING CENTERLINE OF
NFS ROAD 24 & 24-0.95

## LEGAL DESCRIPTION:

A CENTERLINE DESCRIPTION FOR NATIONAL FOREST SERVICE ROAD 24 AND NATIONAL FOREST SERVICE ROAD 24-0.95, LYING IN SECTIONS 17 AND 18, TOWNSHIP 16 SOUTH, RANGE 27 EAST, LAKE COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NATIONAL GEODETIC SURVEY CONTROL STATION STAMPED 'FLGPS 39 1989' RUN THENCE NORTH 16°37'22" EAST, ON A BEARING RELATED TO FLORIDA GRID EAST ZONE, A DISTANCE OF 7287.31 FEET TO NATIONAL GEODETIC SURVEY CONTROL STATION STAMPED 'GPS 5'; THENCE NORTH 15°40'40" EAST, A DISTANCE OF 992.71 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY LINE OF STATE ROAD 19 PER RIGHT OF WAY MAP SECTION 1119 AND 3609 DATED OCTOBER 20, 1949, SAID POINT HAVING A BACK TANGENT BEARING OF NORTH 17°14'23" EAST, SAID POINT ALSO BEING THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 5663.59 FEET; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE AND WESTERLY RIGHT OF WAY LINE, THROUGH A CENTRAL ANGLE OF 1°54'00" AN ARC DISTANCE OF 187.82 FEET TO THE POINT OF INTERSECTION WITH THE EXISTING CENTERLINE OF THE 20 FOOT WIDE ASPHALT PAVEMENT OF NATIONAL FOREST SERVICE ROAD 24, SAID POINT ALSO BEING ALIGNMENT STATION 10+00.00 AND THE POINT OF BEGINNING OF THIS DESCRIPTION; THENCE NORTH 74°40'01" WEST, ALONG SAID CENTERLINE OF PAVEMENT, A DISTANCE OF 9.49 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHWEST HAVING A RADIUS OF 475.00 FEET; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 15°24'34" AN ARC DISTANCE OF 127.75 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 89° 55'25" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 1294.72 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 1500.00 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 19°09'18" AN ARC DISTANCE OF 501.48 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 70°46'07" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 540.47 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTHEAST HAVING A RADIUS OF 500.00 FEET; THENCE SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 43°23'00" AN ARC DISTANCE OF 378.59 FEET TO THE POINT OF TANGENCY; THENCE NORTH 65°50'53" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 368.44 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHWEST HAVING A RADIUS OF 800.00 FEET; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 24°37'10" AN ARC DISTANCE OF 343.75 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 89°31'57" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 925.43 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTH HAVING A RADIUS OF 1000.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 1°07'37" AN ARC DISTANCE OF 19.67 FEET TO THE END OF THE 20 FOOT WIDE PORTION OF SAID ROAD AT ALIGNMENT STATION 55+09.80; THENCE CONTINUE WESTERLY ALONG ARC OF SAID CURVE AND CENTERLINE OF ROAD, THROUGH A CENTRAL ANGLE OF 1°11'26" AN ARC DISTANCE OF 20.78 FEET TO THE POINT OF TANGENCY; THENCE NORTH 88°09'00" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 251.91 FEET TO THE END OF PAVEMENT (11 FEET WIDE AT THIS POINT) AND START OF A 10 FOOT WIDE DIRT ROAD AT ALIGNMENT STATION 57+82.50; THENCE CONTINUE NORTH 88°09'00" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 37.84 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTH HAVING A RADIUS 300.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE OF DIRT ROAD, THROUGH A CENTRAL ANGLE OF 6°32'28" AN ARC DISTANCE OF 34.25 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 85°18'31" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 47.37 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTH HAVING A RADIUS 750.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE OF DIRT ROAD, THROUGH A CENTRAL ANGLE OF 7°30'32" AN ARC DISTANCE OF 98.29 FEET TO THE POINT OF TANGENCY; THENCE NORTH 87°10'57" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 39.86 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTH HAVING A RADIUS 500.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE OF DIRT ROAD, THROUGH A CENTRAL ANGLE OF 3°21'29" AN ARC DISTANCE OF 29.30 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 89°27'34" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 16.82 FEET TO A POINT ON THE EAST LINE OF THAT PARCEL OF LAND AS DESCRIBED IN OFFICIAL RECORDS BOOK 4783, PAGE 982, PUBLIC RECORDS OF LAKE COUNTY, FLORIDA, SAID POINT ALSO BEING ALIGNMENT STATION 60+86.22 AND THE POINT OF TERMINUS OF THIS DESCRIPTION.

## NOTES:

1. *REPRODUCTIONS OF THIS MAP OF SURVEY ARE NOT VALID WITHOUT THE ORIGINAL SIGNATURE AND SEAL OF A FLORIDA LICENSED SURVEYOR AND MAPPER.*
2. *CERTIFICATION IS LIMITED TO PARTIES NAMED HEREON.*
3. *BEARINGS SHOWN HEREON ARE FLORIDA STATE PLANE COORDINATE EAST ZONE BASED ON LENGEMANN L-NET GLOBAL NAVIGATION SATELLITE SYSTEM (GNSS) NETWORK, THAT IS CERTIFIED BY WANTMAN GROUP, INCORPORATED, AND IS BASED ON NORTH AMERICAN DATUM OF 1983, 2011 ADJUSTMENT (SPCS'83-2011). THIS SURVEY WAS CHECKED TO NATIONAL GEODETIC SURVEY CONTROL STATIONS 'FLGPS 39 1989' AND 'GPS 5', AND REFERENCED TO WESTERLY RIGHT OF WAY LINE OF STATE ROAD 19 AS BEING N 17°14'23" E, AS SHOWN HEREON.*
4. *THE RECORDED DESCRIPTIONS WERE SUPPLIED BY THE CLIENT AND COPIES OF THE ORIGINAL DEEDS WERE OBTAINED FROM THE PUBLIC RECORDS OF LAKE COUNTY, FLORIDA.*
5. *THIS MAP OF SURVEY WAS PREPARED WITHOUT THE BENEFIT OF TITLE AND THEREFORE IS SUBJECT TO CHANGE DUE TO ANY FACTS THAT MAY BE DISCLOSED BY A FULL AND ACCURATE TITLE SEARCH.*
6. *LANDS SHOWN HEREON WERE NOT ABSTRACTED FOR EASEMENTS, RIGHTS OF WAY, OWNERSHIP OR OTHER MATTERS OF RECORD BY THIS FIRM.*
7. *THIS MAP OF SURVEY MEETS ALL APPLICABLE REQUIREMENTS OF THE FLORIDA STANDARDS OF PRACTICE AS CONTAINED IN CHAPTER 5J-17.052 OF THE FLORIDA ADMINISTRATIVE CODES.*
8. *THIS MAP IS INTENDED TO BE DISPLAYED AT A SCALE OF 1/300 OR SMALLER.*
9. *HORIZONTAL DATUM SHOWN HEREON IS IN U.S. FEET.*
10. *THE LEGAL DESCRIPTION WAS WRITTEN BY THIS COMPANY AT THE CLIENT'S REQUEST WITH INSTRUCTIONS PROVIDED BY CLIENT'S COUNSEL. THE DESCRIPTION IS BASED ON FIELD LOCATION OF EXISTING CENTERLINE, SEE SHEET 2 OF 3.*
11. *THE 132 FEET WIDE PUBLIC RIGHT OF WAY CORRIDOR KNOW AS STATE ROAD NO. 19 WAS TAKEN FROM STATE OF FLORIDA STATE ROAD DEPARTMENT RIGHT OF WAY MAP SECTION 1119 AND 3609 DATED OCTOBER 20, 1949.*
12. *FURNISHED BY CLIENT WAS A COPY OF BOUNDARY SURVEY BY SILVESTRE & ASSOCIATES DATED 5/16/16 IN WHICH THE EAST BOUNDARY OF ORB 4783, PAGE 982 WAS SHOWN TO BE MONUMENTED AND OCCUPIED BY EXISTING FENCE. THIS BOUNDARY WAS USED AS A POINT OF TERMINUS.*

## CERTIFIED TO:

CHARLES & WENDY ROWE
WILLIAMS, SMITH & SUMMERS

JOHN T. McGLOHORN CERTIFICATE NO. 6023 STATE OF FLORIDA

DATE: 1/02/19

JOHN T. McGLOHORN, PROFESSIONAL SURVEYOR & MAPPER
FLORIDA REGISTRATION NO. LS6023

SHEET 1 OF 3

| | |
|---|---|
| CLIENT | Charles & Wendy Rowe |
| JOB NO. | 181108.0000-001 |
| ACAD FILE | 181108 Rowe 18248 NFS 595C SOD |
| DATE | 12-08-18 CHECKED BY: JTM |
| DRAWN BY: | SMB FLD. BOOK: 18-18-27 |
| REVISIONS | DATE |

**MAP OF SURVEY**

IN SECTION 18, TOWNSHIP 16 SOUTH, RANGE 27 EAST
LAKE COUNTY, FLORIDA.

Charles & Wendy Rowe
18248 NFS 595C, Altoona, Florida

BESH
BOOTH ERN STRAUGHAN HIOTT
www.besmfl.com
• ENGINEERS • SURVEYORS • PLANNERS •

**EXHIBIT "D"**

MAP OF SURVEY
EXISTING CENTERLINE OF
NFS ROAD 24 & 24-0.95
OCALA NATIONAL FOREST
EXISTING CENTERLINE OF NFS 24
P.O.B. BEGINNING STATION 10+00.00 INTERSECTION OF WESTERLY RIGHT OF WAY LINE OF STATE ROAD 19 AND THE EXISTING CENTERLINE OF NFS 24
STATE ROAD 19
132' PUBLIC RIGHT OF WAY
FLGPS 39
PUBLISHED ID: AQ2648
N: 1727591.6100
E: 456399.1300
LAT: N 29°05'04.6629"
LONG: W 81°37'31.5737"
SCALE: 0.99998691
CONVERGENCE: -00°18'14.53"
GPS 5
PUBLISHED ID: AQ2666
N: 1734574.3700
E: 458483.8100
LAT: N 29°06'13.9008"
LONG: W 81°37'08.4919"
SCALE: 0.99998596
CONVERGENCE: -00°18'03.96"
CHARLES A II & WENDY L ROWE
ALT KEY 1308216
ORB 4783, PG 982
18248 NFS 595C, ALTOONA FLORIDA
ENDING STATION 60+88.22 P.O.T.
FOUND 5"X5" CM STAMPED T16 R27 SEC18
EAST LINE OF ORB 4783, PG 982
1 inch = 300 ft.
GRAPHIC SCALE
LEGEND
ALT ALTERNATE
CM CONCRETE MONUMENT
P.O.C. POINT OF COMMENCEMENT
P.O.B. POINT OF BEGINNING
P.O.T. POINT OF TERMINUS
PSM PROFESSIONAL SURVEYOR AND MAPPER
PC POINT OF CURVATURE
PI POINT OF INTERSECTION
PT POINT OF TANGENCY
ORB OFFICIAL RECORDS BOOK
NFS NATIONAL FOREST SERVICE
EOP EDGE OF PAVEMENT
RW RIGHT OF WAY
PG(S) PAGE(S)
LAT LATITUDE
LONG LONGITUDE
L LENGTH
R RADIUS
Δ CENTRAL ANGLE
T TANGENT
CH CHORD DISTANCE
CB CHORD BEARING
NTS NOT TO SCALE
ID IDENTIFICATION
SHEET 2 OF 3
CLIENT Charles & Wendy Rowe
JOB NO. 181106.0000-001
DATE 12-06-18
CHECKED BY: JTM
DRAWN BY: SMB
FLD. BOOK: 18-18-27
REVISIONS
DATE
MAP OF SURVEY
IN SECTION 18, TOWNSHIP 18 SOUTH, RANGE 27 EAST
LAKE COUNTY, FLORIDA
Charles & Wendy Rowe
18248 NFS 595C, Altoona, Florida

MAP OF SURVEY
EXISTING CENTERLINE OF
NFS ROAD 24 & 24–0.95
DETAIL OF P.O.B.
FIELD LOCATED 20'± WIDE PAVEMENT
NFS 24
ASPHALT PAVED ROAD
EOP
PT
EOP
BEGINNING STATION 10+00.00
P.O.B.
PC
PI
66'
EOP
STATE ROAD 19
L=187.82'
R=5663.59'
Δ=1°54'00"
T=93.92'
CH=187.81'
CB=N16°17'23"E
WESTERLY RIGHT OF WAY LINE
EOP
FOUND 6"X6" RW CM AT PC STATION 289+66.45
66'
N
1 inch = 80 ft.
80
0
40
80
GRAPHIC SCALE
DETAIL OF P.O.T.
FOUND 5"X5" CM STAMPED T16 R27 SEC18
4' WIRE FENCE AND GATE 0.4'± WEST OF PROPERTY LINE
SUBJECT PROPERTY
ORB 4783, PG 982
EAST PROPERTY LINE
ENDING STATION 60+86.22
P.O.T.
EXISTING CENTERLINE 10'± WIDE DIRT ROAD
EDGE OF DIRT ROAD
START OF 10'± WIDE DIRT ROAD
STATION 57+82.50
NFS 24–0.95
EOP
EOP
PC
PT
PT
PC
PT
PC
EDGE OF DIRT ROAD
END OF PAVEMENT 11± WIDE
FOUND 4"X4" CM WITH NAIL NO ID
LEGEND
ALT ALTERNATE
CM CONCRETE MONUMENT
P.O.C. POINT OF COMMENCEMENT
P.O.B. POINT OF BEGINNING
P.O.T. POINT OF TERMINUS
PSM PROFESSIONAL SURVEYOR AND MAPPER
PC POINT OF CURVATURE
PI POINT OF INTERSECTION
PT POINT OF TANGENCY
ORB OFFICIAL RECORDS BOOK
NFS NATIONAL FOREST SERVICE
EOP EDGE OF PAVEMENT
RW RIGHT OF WAY
PG(S) PAGE(S)
LAT LATITUDE
LONG LONGITUDE
L LENGTH
R RADIUS
Δ CENTRAL ANGLE
T TANGENT
CH CHORD DISTANCE
CB CHORD BEARING
NTS NOT TO SCALE
ID IDENTIFICATION
SHEET 3 OF 3
CLIENT Charles & Wendy Rowe
JOB NO. 181108.0000-001
ACAD FILE 181108 Rowe 18248 NFS 595C SOD
DATE 12-06-18 CHECKED BY: JBM
DRAWN BY: SMB FLD. BOOK: 18-18-27
REVISIONS
DATE
MAP OF SURVEY
IN SECTION 18, TOWNSHIP 18 SOUTH, RANGE 27 EAST
LAKE COUNTY, FLORIDA
Charles & Wendy Rowe
18248 NFS 595C, Altoona, Florida
LICENSED BUSINESS 7814

Rec 10.00 78 6497 O.R. BOOK 646 PAGE 1122
St 4587.00
Sur 581.90

THIS INDENTURE, made this the 9th day of March, A.D. 1978, between CAMP OCALA, a Michigan Limited Co-Partnership, duly authorized to do business in the State of Florida, party of the first part, and the UNITED STATES OF AMERICA, party of the second part,

WITNESSETH:

THAT the said party of the first part, for and in consideration of the sum of FIVE HUNDRED TWENTY-NINE THOUSAND AND NO/100 DOLLARS ($529,000.00), to it in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said UNITED STATES OF AMERICA and its assigns forever, the following described land situate, lying and being in the County of Lake and State of Florida, to-wit:

FOREST SERVICE TRACT NO. 882
OCALA NATIONAL FOREST

A tract of land in Section 18, Township 16 South, Range 27 East, Tallahassee Meridian, Lake County, Florida; and being that part of Section 18 described as follows:

W 1/2 of the NE 1/4 Section 18, less and except the right-of-way of the Atlantic Coast Line Railroad. Said right-of-way containing 1.88 acres, more or less.

E 1/2 of the SE 1/4 of the NW 1/4 Sec. 18.

NE 1/4 of the NW 1/4 Section 18, less and except the West 150 feet of said NE 1/4 of the NW 1/4.

The above described tract containing 136.00 acres, more or less.

SUBJECT to easements for existing roads, highways and public utilities.

AND the said party of the first part does hereby fully warrant the title to said land and will defend same against the lawful claims of all persons whomsoever.

MAR 10 10 11 AM '78

Checked on ... date of acquisition

LAKE COUNTY 155903 STATE OF FLORIDA DOCUMENTARY STAMP TAX DEPT. OF REVENUE P.B. 10511 MAR10'78 999.00

LAKE COUNTY 155909 STATE OF FLORIDA DOCUMENTARY STAMP TAX DEPT. OF REVENUE P.B. 10511 MAR10'78 588.00

EXHIBIT "E"

IN WITNESS WHEREOF, the said party of the first part hereunto has caused these presents to be signed in its name by Kenneth E. Stein, General Partner, and its Corporate Seal to be affixed on the day and year first above written.

CAMP OCALA

By: Kenneth E Stein
Kenneth E. Stein, General Partner

Signed, sealed and delivered in the presence of us:

Ira R. Sheppard

Patricia A Terrell

STATE OF Florida )
)
COUNTY OF Broward )

Before me, the undersigned authority personally came and appeared appeared Kenneth E. Stein to me well known to me to be a General Partner of Camp Ocala, a Michigan Limited Co-Partnership duly authorized to do business in the State of Florida, and acknowledged before me that he executed the foregoing Warranty Deed in the name of said Limited Co-Partnership as its act and deed for the uses and purposes therein expressed by authority duly given, and that the seal affixed thereto is the true corporate seal of said Camp Ocala.

WITNESS my hand and official seal this the 9th day of March, 1978.

Patricia A Terrell
Notary Public

My Commission Expires:

11-26-80

LAKE COUNTY 1 0 1 1 2 4
DEPT. OF REVENUE MAR 10 '78 P.B. 10823
FLORIDA DOCUMENTARY SUR TAX 581.90

I certify that this deed has been drafted by the undersigned.

Jack M. Purser, Jr.

Jack M. Purser, Jr., Attorney
Office of the General Counsel
United States Department of Agriculture
Suite 600, 1371 Peachtree Street, N.E.
Atlanta, Georgia 30309

RTO - AMERICAN GOVERNMENT SERVICES
R. 3812 W. LINEBAUGH AVE
TAMPA, FL 33618

CFN 2005072473
Bk 02834 Pgs 1935 - 1939; (5pgs)
DATE: 05/17/2005 10:44:59 AM
JAMES C. WATKINS, CLERK OF COURT
LAKE COUNTY
RECORDING FEES 44.00
DEED DOC 210.00

This instrument prepared by:

Mark Lee Stevens

Mark Lee Stevens, Attorney
Office of the General Counsel
United States Department of Agriculture
1718 Peachtree Road, Suite 576
Atlanta, Georgia 30309-2409

Approved as to description, consideration, and reservations or conditions.

______________________________

## WARRANTY DEED

STATE OF FLORIDA )
)
COUNTY OF LAKE )

THIS DEED made and entered into this the 23rd day of March, 2005, by and between **JOHN HENRY MCELVEEN, JR.**, GRANTOR, of 716 Russell Drive, Plant City, Florida 33563, and the **UNITED STATES OF AMERICA**, GRANTEES, acting herein by and through the Forest Service, c/o Forest Supervisor, United States Forest Service, United States Department of Agriculture, Woodcrest Office Park, 325 John Knox Rd., Suite F-100, Tallahassee, Florida 32303-4160,

WITNESSETH:

WHEREAS, the consideration for this conveyance is the conveyance of Timber Sale (05-127628) Receipts totaling $30,000.00, to the GRANTOR;

WHEREAS, said consideration is made under the provisions of the General Exchange Act of March 20, 1922; Weeks Law Act of March 1, 1911, as amended (16 USC 516), and the Federal Land Policy and Management Act of October 21, 1976 (43 U.S.C. 1716),

WHEREAS, the Grantor hereby acknowledges the receipt and sufficiency of said conveyance,

EXHIBIT "F"

NOW, THEREFORE, the GRANTOR does hereby grant, bargain, sell, release, and convey unto the UNITED STATES OF AMERICA, GRANTEE, and the GRANTEE's successors and its assigns forever, all their right, title, and interest in the following-described land, to-wit:

FOREST SERVICE TRACT NO. C-2221
OCALA NATIONAL FOREST

**See the attached "Exhibit A", Deed Description, incorporated herein by reference.**

SUBJECT to Reservation of Oil, Gas, and Minerals in favor of W.F. Austin and Sons Trust, by William F. Austin, Senior, Trustee according to Trust Agreement recorded in Deed Book 296, Page 621 of the Public Records of Lake County, Florida, this document dated August 26, 1953 and recorded August 27, 1953 in Deed Book 341, Page 355, of the Public Records of Lake County, Florida.

SUBJECT to easements for existing roads, highways and public utilities.

TO HAVE AND TO HOLD the aforesaid lands and premises, together with all improvements thereon, and the rights, easements, hereditaments, privileges, and appurtenances thereunto belonging or in anywise appertaining unto the said UNITED STATES OF AMERICA and its assigns, in fee simple forever.

Grantor covenants that he is seized of the lands and premises in fee simple; that he has a right to convey the same to Grantee; that he has done no act to encumber said property; that Grantee shall have quiet and peaceable possession of said property, free from all encumbrances; and the said Grantor covenants for himself all heirs and assigns, that he will forever warrant and defend the title to said lands and premises against the claims of all persons whomsoever; and that the said Grantor, will execute such other and further assurances of title to the said property as may be requisite or necessary.

IN WITNESS WHEREOF, Grantor has hereunto set his hand and affixed his seal the day and year first above written.

The quality of this image is equivalent to the quality of the original document.

Witness:

[signature]
Print: Krystal Whitlock

[signature]
Print: WENDI MCALEESE

[signature] (SEAL)
JOHN HENRY MCELVEEN, JR.

STATE OF Florida )
)
COUNTY OF Hillsborough )

I, WENDI MCALEESE, a Notary Public of the State and County aforesaid, certify that **John Henry McElveen, Jr.**, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official seal, this the 23rd day of March, 2005.

[signature]
Notary Public

Wendi M McAleese
My Commission DD094701
Expires May 10, 2006

My Commission Expires: ______________________

The quality of this image is equivalent to the quality of the original document.

STATE OF FLORIDA )
)
COUNTY OF LAKE )

I, ____________, Register of Deeds, Lake County, Florida, certify that on the ___________ day of _________________, 2005, the foregoing deed was produced to me certified as above and lodged for record. Whereupon I have recorded same, together with this certificate, at __________ o'clock __m. this _________ day of __________________, 2005, in Deed Book ________________, Pages_______.

______________________________
Register of Deeds
Lake County, Florida

# Exhibit A

## Description

**Township 16 South, Range 27 East, Lake County, Florida**

The Southwest Quarter of the Northeast Quarter of the Northeast Quarter (SW1/4NE1/4NE1/4) of Section 18, containing 10.0 acres more or less,

**And**

That portion of the Northeast Quarter (NE1/4) of Section 18 described as follows:

Beginning at a 5"x5" concrete monument which marks the Northwest Corner of the NW1/4SE1/4NE1/4 of Section 18; thence S 00° 00'48" W along west boundary of said NW1/4SE1/4NE1/4 a distance of 72.28 feet; thence N 89° 59'12" W a distance of 45.00 feet; thence S 00° 00'48" W a distance of 81.92 feet; thence S 89° 59'12" E a distance of 123.00 feet; thence N 5° 39'08" E a distance of 154.68 feet to the north boundary of aforesaid NW1/4SE1/4NE1/4; thence N 89° 49'24" W a distance of 93.20 feet to the Point of Beginning, containing 0.387 acres more or less. Said tract or parcel shown on a survey plat by Brandon Surveying, Incorporated dated January 30, 1979 approved by L. E. Mercer, RLS No. 1324.

Containing in the aggregate, 10.387 acres more or less.

Together with an Easement as follows:

An easement for a road right-of-way 20 feet in width along an existing dirt road between the above parcel of land and Forest Road 95 (now Forest Road 535) for purposes of ingress and egress from the above-described parcel of land, the centerline of which is described as follows: From a 5"x 5" concrete monument, which marks the Northwest Corner of the NW1/4SE1/4NE1/4 of Section 18, Township 16 South, Range 27 East, run S 00° 00'48" W along west boundary of said NW1/4SE1/4NE1/4, a distance of 154.20 feet; thence S 89° 59'12" E, a distance of 12.54 feet to a point of beginning. From said point of beginning run thence S 32° 59'12" E, a distance of 292 feet, more or less, to the centerline of Forest Road 95 (now Forest Road 535). Said easement is shown on the survey plat by Brandon Surveying cited above.

O.R. BOOK 741 PAGE 2343

Rec 22.00 82 1477

Doc. .45

UNITED STATES OF AMERICA )
)
DISTRICT OF COLUMBIA )

QUITCLAIM DEED

This instrument prepared by: Fred W. Harris, Jr., Regional Attorney, U. S. Department of Agriculture, Suite 600, 1371 Peachtree Street, N. E., Atlanta, Georgia 30309

THIS QUITCLAIM DEED, dated this 6th day of October, 1981, from the UNITED STATES OF AMERICA, acting by and through the Forest Service, United States Department of Agriculture, hereinafter called Grantor, to J. H. McELVEEN, JR., hereinafter called Grantee.

WITNESSETH:

That the Grantor is authorized by the Act of July 8, 1943, as amended, 7 U.S.C. 2253, to adjust titles to certain lands or interests therein subject to his control; and

That it has been found that the Grantor has acquired title or color of title to that certain land and that certain easement for a road right-of-way hereinafter described under provisions of a warranty deed to it from Camp Ocala, a Michigan Limited Co-Partnership, dated March 9, 1978, and recorded among the Records of Lake County, Florida, on March 10, 1978, in Deed Book 646, Page 1122, and by virtue of a condemnation proceeding entitled United States of America vs. 2,131.24 Acres of land in Lake County, Florida; Vaughn and Dillard, et al., No. 18 Orlando Civil, in the United States District Court for the Southern District of Florida and the Judgment therein dated April 22, 1939, which land and easement were acquired by Grantor through mistake, misunderstanding, error or inadvertence, in that at the time of acquisition, the said parcel of land and easement belonged to the predecessors in title of the above-named Grantee and that no consideration was paid for said land and easement; and

4/9/81

That the Grantee meets the requirements of the foregoing act and is entitled to this quitclaim deed.

NOW THEREFORE, the Grantor, in consideration of the sum of $1.00; the receipt of which is hereby acknowledged does hereby remise, release and quitclaim unto the Grantee, his heirs and assigns, all its right, title, interest and claim in and to that certain parcel of land and that certain easement for a road right-of-way for purposes of ingress to and egress from said parcel of land situated in the County of Lake, State of Florida, and described as follows:

PARCEL OF LAND

All references are to the true meridian and all distances are expressed in feet. For a point of beginning, commence at 5"x5" concrete monument which marks the N.W. corner of the N.W. ¼ of the S.E. ¼ of the N.E. ¼ of Section 18, Township 16 South, Range 27 East. From said point of beginning, run thence S 00° 00' 58" W along west boundary of said N.W. ¼ of S.E. ¼ of N.E. ¼, a distance of 72.28

JAN 20 3 38 PM '82

STATE OF FLORIDA DOCUMENTARY STAMP TAX
DEPT. OF REVENUE
LAKE COUNTY 2 1 4 5 3 2
P.B. 10511 JAN20'82 00.45

EXHIBIT "G"

feet; thence N 89° 59' 12" W, a distance of 45.00 feet; thence S 00° 00' 48" W, a distance of 81.92 feet; thence S 89° 59' 12" E, a distance of 123.00 feet; thence N 5° 39' 08" E, a distance of 154.68 feet to the north boundary of aforesaid N.W. ¼ of S.E. ¼ of N.E. ¼; thence N 89° 49' 24" W, a distance of 93.20 feet to the point of beginning. The herein described parcel contains 0.387 acre, more or less. Said tract or parcel of land is more particularly described by the plat attached hereto and made a part hereof.

EASEMENT

All references are to the true meridian and all distances are expressed in feet. An easement for a road right-of-way 20 feet in width along an existing dirt road between the above-described parcel of land and Forest Road 95 for purposes of ingress to and egress from the above-described parcel of land, the centerline of which is described as follows: From a 5"x5" concrete monument, which marks the N.W. corner of the N.W. ¼ of the S.E. ¼ of the N.E. ¼ of Section 18, Township 16 South, Range 27 East, run S 00° 00' 48" W along west boundary of said N.W. ¼ of S.E. ¼ of N.E. ¼, a distance of 154.20 feet; thence S 89° 59' 12" E, a distance of 12.54 feet to a point of beginning. From said point of beginning run thence S 32° 59' 12" E, a distance of 292 feet, more or less, to the centerline of Forest Road 95. Said easement is more particularly described by the aforesaid plat attached hereto and made a part hereof.

This deed is executed solely for the purpose of revesting in the Grantee such right, title, and interest as may have been acquired by the United States of America by the deed and condemnation proceeding above mentioned and to remove from the Official Records any cloud that may have been cast upon the title to the property above described by reason of the execution and recordation of the deed and the recordation of the aforesaid Judgment in the condemnation proceeding.

IN WITNESS WHEREOF, the Grantor, by its duly authorized representative, has executed this deed pursuant to the delegations of authority promulgated in 7 C.F.R. 2.19, 7 C.F.R. 2.60 and 44 F.R. 75690, effective December 21, 1979.

UNITED STATES DEPARTMENT OF AGRICULTURE

UNITED STATES OF AMERICA

By: [signature]
Director of Lands
Forest Service
United States Department of Agriculture

Witness:

[signature] Joseph D. Cummings

[signature] Rodney F. Young

UNITED STATES OF AMERICA

DISTRICT OF COLUMBIA

I hereby certify that on this day before me, C. Lorraine Gore, an officer duly authorized in the District of Columbia to take acknowledgments, personally appeared Richard D. Hull, whose name as Director of Lands, Forest Service, United States Department of Agriculture, is signed to the foregoing instrument and who is known to me and acknowledged before me that being informed of the contents of this conveyance that he as such officer and with full authority executed the same voluntarily and affixed the seal of the United States Department of Agriculture as such Director of Lands, Forest Service, United States Department of Agriculture, in the name of and on behalf of the United States.

GIVEN under my hand and official seal this the 6th day of October, 1981.

(SEAL)

C. LORRAINE GORE NOTARY PUBLIC DISTRICT OF COLUMBIA

C. Lorraine Gore
Notary Public in and for the District of Columbia

My commission expires:
May 15, 1985



O.R. BOOK 741 PAGE 2346
U.S.F.S. C.M. in lake
N.W. COR. OF SW1/4 OF NE1/4 OF NE1/4 SEC. 18-16-27 (U.S.F.S.)
OLD 4' high hog wire fence (Woven 6x12 sq.) Wire is on East side. Post are hewn Pine appear to be between 40 to 50 years of age. Fence extends 150'± into lake.
150'±
663.68' C.M. to C.M.
N00°00'48"E
SELLARS
U.S.F.S. C.M.
NW COR. OF NW1/4 OF SE1/4 OF NE 1/4.
POINT OF BEGINNING
24'
18'
THICK WOODS
93.20'
N89°49'24"W.
Old fence ends at Pine Tree (removed from here on South)
72.28'
S.00°00'48"W.
Yard Line
Power Pole
Grass Area
A
FOR A POINT OF BEGINNING,
N.W. CORNER OF THE NW 1/4 O
RANGE 27 EAST ACCORDING
SAID POINT OF BEGINNING,
OF SE 1/4 OF NE 1/4, A DISTAN
FEET, THENCE S00°00'48"W.
123.00 FEET, THENCE N5°3
AFORE SAID NW.1/4 OF S.E.1/
TO THE POINT OF BEGINNIN
(HERE
TOG
AN EASEMENT FOR THE PU
20 FEET IN WIDTH WHOSE CE
MONUMENT WHICH MARKS T
TOWNSHIP 16 SOUTH, RANG
N.W.1/4 OF S.E.1/4 OF N.E.1/4 A
12.54 FEET TO A POINT OF
MORE OR LESS TO THE CEN
AFORE SAID DESCRIPTION IN
EXISTING DIRT ROAD TO TH
MEMO: Legibility of writing,

MEMO: Legibility of writing, typing or printing unsatisfactory in this document when received.

SURVEY OF:

COMMENCE AT A 5"x5" CONCRETE MONUMENT WHICH MARKS THE
OF THE S.E.1/4 OF THE NE 1/4 OF SECTION 18, TOWNSHIP 16 SOUTH,
TO THE UNITED STATES FORESTRY SERVICE SURVEY FROM
RUN THENCE S 00°00'48"W ALONG WEST BOUNDARY OF SAID N.W.1/4
CE OF 72.28 FEET, THENCE N89°59'12"W, A DISTANCE OF 45.00
A DISTANCE OF 81.92 FEET, THENCE S89°59'12"E, A DISTANCE OF
°08"E, A DISTANCE OF 154.68 FEET TO THE NORTH BOUNDARY OF
OF N.E.1/4, THENCE S89°49'24"W, A DISTANCE OF 93.20 FEET
G.
N DESCRIBED PARCEL CONTAINS 0.387 ACRES, MORE OR LESS)

ETHER WITH:

RPOSE OF INGRESS AND EGRESS OVER AND ACROSS A PARCEL OF LAND
NTERLINE IS DESCRIBED AS FOLLOWS: FROM A 5"x5" CONCRETE
E NW CORNER OF THE NW 1/4 OF THE S.E.1/4 OF THE N.E.1/4 OF SECTION 18,
E 27 EAST, RUN S00°00'48"W ALONG WEST BOUNDARY OF SAID
DISTANCE OF 154.20 FEET THENCE S89°59'12"E A DISTANCE OF
BEGINNING, RUN THENCE S32°59'12"E, A DISTANCE OF 292 FEET,
TER LINE OF FOREST ROAD 95 (NOW UNDER CONSTRUCTION)
TENDS TO CONVEY A 20' FOOT EASEMENT FROM FOREST ROAD 95, ALONG AN
E McELVEEN PROPERTY.

O.R. BOOK 741 PAGE 2348

SCALE : 1"=30'
S 89°49'24"E
667.81'
SOUTH BOUNDARY OF SW.1/4 OF N.E.1/4 OF N.E.1/4.
(BASED ON 1928 GOV'T SURVEY & U.S.F.S. SURVEY)
U.S.F.S. C.M.
SE COR. OF SW.1/4 OF
N.E.1/4 OF N.E.1/4
(U.S.F.S.)

MEMO: Legibility of writing, typing or printing unsatisfactory in

O.R. BOOK 741 PAGE 2349

APPROX. SOUTH BOUNDARY OF S.W.1/4 OF NE 1/4 OF NE 1/4 OF SECTION 18, TWP. 16 SOUTH, RGE. 27 EAST (1834 GOV'T SURVEY)

NOTE: CARVED INTO THE INSIDE SIDE OF THE FRONT DOOR WERE THE FOLLOWING NAMES AND DATES:

(1) R.D. WALKER
BERT ALLEN
JACKSONVILLE
MAY 6, 1922

(2) MR. & MRS. PILLIOD
SWANTON, OHIO
12-11-25

(3) DEWEY BATES
SUNDAY
OCTOBER 26, 1929

...EY OF THE ABOVE DESCRIBED PROPERTY ...RVISION AND THE SKETCH HEREON IS ...EPRESENTATION THEREOF

| BRANDON SURVEYING, INC. 128 E. BRANDON BLVD., BRANDON, FLA. 33511 | | |
|---|---|---|
| SCALE: 1"=30' | APPROVED BY: | DRAWN BY L.E.M. |
| DATE: 1-30-79 | Fla. Reg. Surveyor No. 1324 | REVISED |
| FOR: J.H. McELVEEN | | |
| LOCATION: SELLARS LAKE, LAKE COUNTY, FLA. | | DRAWING NUMBER 78468-C |

MEMO: Legibility of writing, typing or printing unsatisfactory in



United States Department of Agriculture | Forest Service | National Forests in Florida | Ocala Na... al Forest
Seminole Ranger District
40929 State Road 19
Umatilla, FL 32784
(352) 669-3153 | Lake George Ranger District
17147 East Highway 40
Silver Springs, FL 34488
(352) 625-2520

**File Code:** 1900/7600

**Date:** January 14, 2015

Charles Haker
6157 34th Ave. N.
St. Petersburg, FL 33710

Dear Mr. Haker,

The purpose of this letter is to notify you that the U.S. Forest Service intends to extend National Forest System (NFS) road 24-0.95 to the parcel currently owned by William E. & Mary L. Haker, located at 18248 NFS 595C, Altoona, FL 32702 (Parcel I.D. #1308216), on the Ocala National Forest, effective January 1, 2016.

Currently, NFS 24-0.95 terminates at the gated entrance to Camp Ocala, which is operated by the University of Florida/Florida 4-H under a Special Use authorization issued from the U.S. Forest Service. The only individuals authorized to occupy any portion of the permitted area are Camp Ocala and U.S. Forest Service staff and those groups/individuals who are utilizing the camp. Camp Ocala will be vacating the permitted area over the course of 2015, after which the Special Use permit will be terminated, the site will be decommissioned and, over time, the natural ecosystem will be restored. Any authorized use of this route by anyone other than Camp Ocala /U.S. Forest Service staff or the camps users, prior to its formal designation as a Forest Service Road, is at the sole discretion of Camp Ocala management.

On January 1, 2016, NFS 24-0.95, will be extended to, and will terminate at the eastern property line of the Haker Parcel (see enclosed map). The extended portion of the road will be a designated Maintenance Level (ML) II road and will be open to the public.

If you need to have designated ingress/egress to the parcel prior to January 1, 2016, for the purpose of selling the parcel, etc., the Forest Service will re-establish an existing closed route that extends from NFS 22-14.6 and will terminate at a designated point along the southern boundary of the Haker Parcel (see enclosed map). This route will be a ML II road as well.

If you have any questions regarding this matter, please feel free to contact me at 352-625-2520

Sincerely,

Michael Gosse

Mike Gosse
Acting District Ranger

Enclosures

**EXHIBIT "H"**

## Access to Parcel ID # 1308216 (Haker-18248 NFS 595C, Altoona, FL 32702)

**January 9, 2015**

Haker access- expanded view

January 9, 2015

A TWENTY (20) FOOT EASEMENT LYING TEN (10) FEET ON EACH SIDE OF THE FOLLOWING CENTERLINE DESCRIPTION FOR NATIONAL FOREST SERVICE ROAD 24 AND NATIONAL FOREST SERVICE ROAD 24-0.95, LYING IN SECTIONS 17 AND 18, TOWNSHIP 16 SOUTH, RANGE 27 EAST, LAKE COUNTY, FLORIDA, SAID CENTERLINE BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NATIONAL GEODETIC SURVEY CONTROL STATION STAMPED 'FLGPS 39 1989' RUN THENCE NORTH 16°37'22" EAST, ON A BEARING RELATED TO FLORIDA GRID EAST ZONE, A DISTANCE OF 7287.31 FEET TO NATIONAL GEODETIC SURVEY CONTROL STATION STAMPED 'GPS 5'; THENCE NORTH 15°40'40" EAST, A DISTANCE OF 992.71 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY LINE OF STATE ROAD 19 PER RIGHT OF WAY MAP SECTION 1119 AND 3609 DATED OCTOBER 20, 1949, SAID POINT HAVING A BACK TANGENT BEARING OF NORTH 17°14'23" EAST, SAID POINT ALSO BEING THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 5663.59 FEET; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE AND WESTERLY RIGHT OF WAY LINE, THROUGH A CENTRAL ANGLE OF 1°54'00" AN ARC DISTANCE OF 187.82 FEET TO THE POINT OF INTERSECTION WITH THE EXISTING CENTERLINE OF THE 20 FOOT WIDE ASPHALT PAVEMENT OF NATIONAL FOREST SERVICE ROAD 24, SAID POINT ALSO BEING ALIGNMENT STATION 10+00.00 AND THE POINT OF BEGINNING OF THIS DESCRIPTION; THENCE NORTH 74°40'01" WEST, ALONG SAID CENTERLINE OF PAVEMENT, A DISTANCE OF 9.49 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHWEST HAVING A RADIUS OF 475.00 FEET; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 15°24'34" AN ARC DISTANCE OF 127.75 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 89° 55'25" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 1294.72 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 1500.00 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 19°09'18" AN ARC DISTANCE OF 501.48 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 70°46'07" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 540.47 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTHEAST HAVING A RADIUS OF 500.00 FEET; THENCE SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 43°23'00" AN ARC DISTANCE OF 378.59 FEET TO THE POINT OF TANGENCY; THENCE NORTH 65°50'53" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 368.44 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTHWEST HAVING A RADIUS OF 800.00 FEET; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 24°37'10" AN ARC DISTANCE OF

343.75 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 89°31'57" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 925.43 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTH HAVING A RADIUS OF 1000.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE, THROUGH A CENTRAL ANGLE OF 1°07'37" AN ARC DISTANCE OF 19.67 FEET TO THE END OF THE 20 FOOT WIDE PORTION OF SAID ROAD AT ALIGNMENT STATION 55+09.80; THENCE CONTINUE WESTERLY ALONG ARC OF SAID CURVE AND CENTERLINE OF ROAD, THROUGH A CENTRAL ANGLE OF 1°11'26" AN ARC DISTANCE OF 20.78 FEET TO THE POINT OF TANGENCY; THENCE NORTH 88°09'00" WEST, ALONG SAID CENTERLINE, A DISTANCE OF 251.91 FEET TO THE END OF PAVEMENT (11 FEET WIDE AT THIS POINT) AND START OF A 10 FOOT WIDE DIRT ROAD AT ALIGNMENT STATION 57+82.50; THENCE CONTINUE NORTH 88°09'00" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 37.84 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTH HAVING A RADIUS 300.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE OF DIRT ROAD, THROUGH A CENTRAL ANGLE OF 6°32'28" AN ARC DISTANCE OF 34.25 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 85°18'31" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 47.37 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE NORTH HAVING A RADIUS 750.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE OF DIRT ROAD, THROUGH A CENTRAL ANGLE OF 7°30'32" AN ARC DISTANCE OF 98.29 FEET TO THE POINT OF TANGENCY; THENCE NORTH 87°10'57" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 39.86 FEET TO THE POINT OF CURVATURE OF A CIRCULAR CURVE CONCAVE TO THE SOUTH HAVING A RADIUS 500.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE AND CENTERLINE OF DIRT ROAD, THROUGH A CENTRAL ANGLE OF 3°21'29" AN ARC DISTANCE OF 29.30 FEET TO THE POINT OF TANGENCY; THENCE SOUTH 89°27'34" WEST, ALONG SAID CENTERLINE OF DIRT ROAD, A DISTANCE OF 16.82 FEET TO A POINT ON THE EAST LINE OF THAT PARCEL OF LAND AS DESCRIBED IN OFFICIAL RECORDS BOOK 4783, PAGE 982, PUBLIC RECORDS OF LAKE COUNTY, FLORIDA, SAID POINT ALSO BEING ALIGNMENT STATION 60+86.22 AND THE POINT OF TERMINUS OF THIS DESCRIPTION.